IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICK NUZZO,                          *
                                     *
     Plaintiff,                      *
                                     *
v.                                   *     CIVIL ACTION NO.
                                     *     1:17-cv-01811-MHC-AJB
GREGORY T. BARANCO and               *
THE BARAN COMPANY, LLC, d/b/a        *
MERCEDES BENZ OF BUCKHEAD,           *
                                     *
     Defendants.                     *

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Comes Now, the Plaintiff, Rick Nuzzo, and files his response to the Defendants' Motion To Dismiss (hereinafter referred to as "Motion"). For the reasons set forth below, the Plaintiff respectfully requests that this Court deny Defendants' Motion.

**I. INTRODUCTION**

In this case, the Plaintiff alleges claims for race discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), codified at 42 U.S.C. § 2000e et seq. In addition, the Plaintiff alleges claims for race discrimination and retaliation, pursuant to 42 U.S.C. § 1981. In addition, this is an action under Georgia law for breach of contract, or in the alternative, quantum meruit, and for litigation expenses and

attorneys' fees, pursuant to O.C.G.A. § 13-6-11.  [Doc. No. 1, ¶ 1]

The Defendants have filed a motion to dismiss the Plaintiff's Title VII race discrimination and retaliation claims and the Plaintiff's § 1981 race discrimination and retaliation claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 6]

The Defendants' Motion is based upon Rule 8(a)(2) of the Federal Rules of Civil Procedure as interpreted by the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).  As shown below, Rule 8(a), Twombly, and Iqbal only require the Plaintiff to set forth a "short and plain statement" which can plausibly lead to reasonable inferences that the Defendants are liable.

In moving to dismiss, the Defendants ignore the allegations in the Complaint, and the reasonable inferences that can be drawn from the Complaint.  In addition, the Defendants ignore relevant case law that establishes that the Plaintiff's claims are not subject to dismissal.  For these reasons, as more fully set forth below, the Defendants' Motion must be denied.

## II.  MOTION TO DISMISS STANDARD

All that is required of the Plaintiff's Complaint under Rule 8(a) is "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2).  A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'"  Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) quoting Twombly, 550 U.S. at 555. In ruling on a motion to dismiss, the factual allegations in the complaint must be accepted and construed in the light most favorable to the Plaintiff.  Young Apts., Inc. v. Town of Jupiter, 529 F.3d 1027, 1037 (11th Cir. 2008).

Significantly, the Eleventh Circuit, in applying Twombly and Iqbal, has concluded that the Supreme Court did not direct lower courts to abandon the "short and plain statement" standard of Rule 8.  See Harrison v. Benchmark Electrons. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010).  Rather, the Eleventh Circuit has made it clear that Rule 8 still requires the application of a "liberal pleading standard."  Id. (reversing the lower court's granting of a motion to dismiss).

Consistent with the liberal pleading standard, the Supreme Court, in Twombly, made it clear that a complaint need not contain "detailed factual allegations," but must only "'give the Defendants fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555. Thus, to survive a 12(b)(6) motion to dismiss requires "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008).

In considering a 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Twombly, 550 U.S. at 555-56; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992 (2002). Moreover, Twombly "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [a claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556, quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974).

In <u>Swierkiewicz</u>, the Supreme Court held that "an employment discrimination complaint need not include such facts [to make out a *prima facie* case] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Swierkiewicz</u>, 534 U.S. at 508;  <u>see</u> <u>also</u> <u>Davis</u>, 516 F.3d at 974.

### III. ARGUMENT AND CITATION OF AUTHORITY

### A.   <u>Title VII – Race Discrimination</u>.

In moving to dismiss, Defendants ignore relevant allegations in the Plaintiff's Complaint and mischaracterize the allegations. As shown below, the Plaintiff has pled sufficient allegations to support his claim of race discrimination under Title VII.

In this case, the Plaintiff, who is white or Caucasian, contends that Defendant Baranco, who is African-American, discriminated against him in the terms or conditions of his employment because of his race.  [Doc. No. 1, ¶ 11; Doc. 1-1, p. 1]  In addition, the Plaintiff contends that he was discriminated against because of his association with white customers.  [Doc. No. 1, ¶¶ 37; 44]

1. **Terms and Conditions & Termination.**

Contrary, to Defendants' assertion, the Plaintiff's allegations in this case are supported by the Eleventh Circuit's decision in Jackson v. Motel 6 Multipurpose, 130 F.3d 999 (11th Cir. 1997). In Jackson, a group of employees filed suit under § 1981 for race discrimination and retaliation. The employees alleged that the defendants required them, as part of their employment, to participate in discriminating against non-white customers, and that they were retaliated against when they refused to do so. Id., at 1007. The Eleventh Circuit concluded that the plaintiffs had sufficiently stated a cause of action under § 1981. Id., at 1008.

The plaintiffs in Jackson did not file suit under Title VII. However, as Defendants agree, § 1981 race discrimination claims are analyzed under the same framework as Title VII. See Doc. 6-1, p. 4, n. 1; see also Ferrill v. The Parker Group, Inc., 168 F.3d 468 (11th Cir. 1999); Richardson v. Leeds Police Dep't, 71 F.3d 801, 805 (11th Cir. 1995); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 656-57 (11th Cir. 1993).

Thus, the conclusion reached by the Eleventh Circuit in Jackson is equally applicable to the Plaintiff's Title VII claims. See Parr v. Woodmen of Worldwide Life Ins. Co., 791 F.2d 888 (11th

Cir. 1986) ("it would be inconsistent to hold that [plaintiff] could state a claim of discrimination based upon an interracial marriage pursuant to section 1981, but not Title VII.")  Therefore, the Plaintiff's Title VII race discrimination claims based on his terms or conditions of employment and termination are actionable under Title VII;  see also Moyo v. Gomez, 40 F.3d 982, 985 (9th Cir. 1994) (finding "unlawful employment practice inherent in requiring [plaintiff] to discriminate against black [inmates] as a term or condition of employment.")  Thus, Defendants unlawful employment practice of requiring the Plaintiff, as a term or condition of his employment, is actionable under Title VII.  Id.

In this case, the totality of the Plaintiff's Complaint contains sufficient allegations to state a Title VII race discrimination claim.  [Doc. 1]  In addition, the following allegations support his claim for race discrimination:

21.

During the Plaintiff's employment, Defendants treated African-American customers better than Caucasian customers.

30.

During the March 18, 2016 meeting, the Plaintiff complained that he believed Defendant Baranco was requiring him to treat black and white customers differently.

36.

The Plaintiff was terminated because he disagreed with not providing discounts to Caucasian customers which are provided to African-American customers.

37.

The Plaintiff's treatment of customers is a term and condition of his employment.

45.

Defendants' employment requirements to treat customers differently based on race is an unlawful employment practice requiring the Plaintiff to discriminate against customers based on race.

48.

In Defendants' workplace, employees often stroke the top of their hand, indicating that a "problem" customer was African-American and needed special attention or the matter would get to Defendant Baranco.

49.

During the March 18, 2016 meeting, Defendant Baranco expected the Plaintiff to apply policies and practices based on race.

50.

During the March 18, 2016 meeting, the Plaintiff disagreed with Defendant Baranco in applying policies and practices based on race in performing his duties.

58.

Defendants' practice of requiring an employee, as a condition of his employment, to discriminate is an unlawful employment practice.

59.

Defendants have engaged in illegal discrimination against the Plaintiff because of his race.

The gravamen of these allegations is that the Plaintiff disagreed as a requirement of his employment to treat customers differently based on race. The Plaintiff has specifically pled that it is an unlawful employment practice for Defendants to require as a condition of employment for the Plaintiff to engage in practices based on race. [Doc. 1, ¶¶ 43; 58] Thus, based on Jackson and Moyo, the Plaintiff's allegations state sufficient allegations to meet the requirements of Rule 8.

In support of their Motion, the Defendants rely solely[1] on one unpublished case, Edwards v. Ambient Healthcare of Georgia, Inc., 674 Fed. Appx. 926, 2017 U.S. App. LEXIS 321 (11th Cir. 2017). As shown below, Edwards is inapplicable to this case.

---

[1] Defendants assert that the Plaintiff has not alleged that he was treated less favorably than similarly-situated employees outside his protected class. [Doc. 6-1, p. 4] An allegation of being treated less favorably than similarly-situated employees outside his protected class is an element of the *prima facie* case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). The Plaintiff is not required to pled allegations of the *prima facie* case. "The prima facie case under McDonnell Douglas [is] an evidentiary standard, not a pleading requirement." Swierkiewicz, 534 U.S. at 506.

In Edwards, the plaintiff did not allege that she was sexually harassed, but that patients had reported to her sexual harassment by an employee of the defendant.  As the Eleventh Circuit stated in Edwards:

> A threshold question here is whether three women non-employees reporting sexual harassment by [defendant's] male driver to Edwards can even give Edwards a cause of action for sexual harassment against her employer, when she was not the victim and was not even present when the sexual harassment occurred.[]
>
> But we need not answer that question because the alleged sexual harassment of the non-employees was not sufficiently severe or pervasive in any event.

Edwards, LEXIS 321, at *5.

As set forth above, the Plaintiff contends that his employment conditions were altered and that he was terminated because of the unlawful employment practices he was being asked to implement in his capacity as an employee.  The Plaintiff is a victim, as well as the customers.  Edwards is irrelevant to this issue.  For these reasons, the Plaintiff has set forth a claim for race discrimination under Title VII, and, therefore, the Plaintiff's Complaint is not subject to dismissal under Rule 8.

## 2. **Association with white Customers.**

The Eleventh Circuit has held that an employee's association[2] with a person forms the basis of a race discrimination claim.  The Plaintiff's Complaint further states allegations based on the Plaintiff's association with white customers.  See Parr, 791 F.2d at 888.  Defendants ignore these facts and law in their Motion.

In Parr, the Eleventh Circuit held:

> 42 U.S.C.S. § 1981 prohibited discrimination based on an interracial marriage **or association** and that the district court erred when it dismissed appellant's complaint that claimed such discrimination. The court stated that where appellant claimed discrimination based on interracial marriage **or association**, he claimed by definition, that he had been discriminated against because of his race.  **The court held that it made no difference whether appellant specifically claimed in his complaint that he had been discriminated against because of his race**.

Parr, 791 F.2d at 888 (emphasis added).

In the Plaintiff's Complaint, the Plaintiff has pled the following allegations:

37.

The Plaintiff was terminated because of his relationship and/or association with a Caucasian customer.

---

[2]  The Plaintiff anticipates that the Defendants will assert that Parr was based on an interracial marriage.  However, the Eleventh Circuit's language in Parr makes it very clear that any association is protected.  Otherwise, the Eleventh Circuit would not have state "or association."  See Parr, 791 F.2d at 888.

44.

The Plaintiff's termination is directly related to his race and/or his association or relationship with Caucasian customers.

[Doc. 1, ¶¶ 37, 44]

Thus, the Plaintiff has pled allegations related to his association with a white customer. [Doc. 1, ¶¶ 37, 44] Under Parr, the Plaintiff does not have to plead allegations that it is because of his race, although the Plaintiff did so. [Doc. 1, ¶ 44] Finally, as set forth above, this analysis applies equally to Title VII and § 1981. For these reasons, the Plaintiff has set forth a claim for race discrimination under Title VII, and, therefore, the Plaintiff's Complaint is not subject to dismissal under Rule 8.

3. **Discriminatory Animus.**

The Plaintiff's Complaint contains a plethora of allegations of a racially discriminatory animus towards white customers. In ruling on a 12(b)(6) Motion, the Court must accept all reasonable inferences from the Complaint in favor of the Plaintiff. In this case, given that the Plaintiff is white, it is a reasonable inference on a 12(b)(6) motion, that Defendants racial animus

towards the white customers, equally exists towards the white Plaintiff.

**B.   <u>Title VII – Retaliation.</u>**

Defendants further seek the dismissal of the Plaintiff's Title VII retaliation claim.  Again, Defendants rely solely on <u>Edwards</u> in support of their Motion, and ignore relevant allegations in the Complaint, as well as applicable case law.

As set forth above, the Plaintiff has pled allegations that the treatment of customers based on race was a term and condition of employment and, therefore, an unlawful employment practice. [Doc. 1, ¶¶ 45, 58-59] These allegations in conjunction with the following allegations sufficiently state a claim under Title VII for retaliation:

33.

During the March 18, 2016 meeting, after the Plaintiff complained to Defendant Baranco about the different treatment of African-American and Caucasian customers, Defendant Baranco became angry and told the Plaintiff that "[he] thought [the Plaintiff] was going to retire here," and walked out of the Plaintiff's office.

34.

Later, on March 18, 2016, Geoff Meeker, the General Manager and the Plaintiff's direct supervisor, told the Plaintiff that Defendant Baranco was terminating his employment.

35.

The Plaintiff was terminated because he complained about
not providing discounts to Caucasian customers which are
provided to African-American customers.

Thus, the Plaintiff's Complaint alleges that he was
retaliated against for refusing to discriminate against white
customers.  The discriminatory terms or conditions of employment
are within the anti-retaliation provision of Title VII.  See Moyo,
40 F.3d at 985.

In addition, the Eleventh Circuit's analysis in Jackson
supports the Plaintiff's position.  In Jackson, as noted above,
the plaintiffs did not include a Title VII claim.  The Eleventh
Circuit, in footnote 16, stated as follows:

> We note also that the [employee] plaintiffs' claim for
> "retaliation" could not proceed under the familiar Title
> VII retaliation statute, 42 U.S.C. § 2000e-3(a).  That
> statute prohibits employers from discriminating against
> employees who "oppose[] any … unlawful employment
> practice." The [employee] plaintiffs **do not allege that
> they have been discriminated against by Motel 6 for
> opposing an unlawful employment practice**, but that they
> were discriminated against for opposing an unlawful
> practice of discrimination in the provision of public
> accommodations.

Jackson, 130 F.3d at 1007, n. 16 (emphasis added).

Unlike in Jackson, the Plaintiff has alleged that Defendants
engaged in an unlawful employment practice.  [Doc. 1,¶¶ 45, 58]
The Plaintiff has further alleged that he complained about that

practice and was terminated.  [Doc. 1,¶¶ 45, 58]  Thus, note 16 in
<u>Jackson</u> is distinguishable from this case, because the Plaintiff
has alleged an unlawful employment practice.  Significantly, the
Eleventh Circuit also allowed the employee plaintiffs to pursue
their § 1981 retaliation claim based on their complaints and
refusal to discriminate against non-white customers.  <u>Jackson</u>, 130
F.3d at 1007.  Thus, the Plaintiff has set forth sufficient
allegations under Rule 8 to state a Title VII retaliation claim.

C.  <u>**42 U.S.C. § 1981 – Race Discrimination.**</u>

Defendants contend that the Plaintiff lacks standing to
pursue his § 1981 race discrimination claims.  However, the
Defendants have failed to cite any legal authority to support its
position.  None of the cases cited by Defendants are § 1981
employment race discrimination cases[3].  Thus, the Defendants have

---

[3] The Defendants rely on the following cases which are inapplicable
to this case.  <u>Am. Gen. Life & Accident Ins. Co. v. Ward</u>, 509 F.
Supp. 2d 1324 (N.D. Ga. 2007) (distinguishable because plaintiffs
were not employees and alleged § 1981 race discrimination but did
not have contractual relationship with defendant); <u>Danco, Inc. v.
Wal-Mart Stores, Inc.</u>, 178 F. 3d 8 (1st Cir. 1999) (distinguishable
because plaintiffs were not employees and alleged § 1981 race
discrimination but did not have contractual relationship with
defendant);  <u>Granite State Outdoor Adver., Inc. v. City of
Clearwater</u>, 351 F. 3d 1112 (11th Cir. 2003) (generic standing case
not involving a § 1981 employment race discrimination or
retaliation claim); <u>Griffin v. Dugger</u>, 823 F. 2d 1476 (11th Cir.
1987) (addressing class action standard issues for standing);
<u>Brown v. Board of Trustees</u>, 187 F. 2d 20 (5th Cir. 1951) (generic

failed to provide any basis for the dismissal of the Plaintiff's 1981 race discrimination claims.

Moreover, the notion that an employee does not have standing to pursue a § 1981 race discrimination claim flies in the face of § 1981.  In the Civil Rights Act of 1991, "Congress responded to [Patterson[4] v. McLean Credit Union], 491 U.S. 164, 109 S. Ct. 2363 (1989)], by adding a new subsection to § 1981 that defines the term 'make and enforce contacts' to include the 'termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 373, 124 S. Ct. 1836 (2004) quoting 42 U.S.C. § 1981(b).

"The Act redefined § 1981's key 'make and enforce contracts' language to include the 'termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  See Jones, 541 U.S. at 370 quoting 42 U.S.C. § 1981(b).  The 1991 Amendment, enlarged the category of conduct subject to § 1981 liability.  See Jones, 541 U.S. at 370

---

standing case not involving a § 1981 employment race discrimination or retaliation claim).

[4] Patterson, held that post-employment conduct after the formation of the employment contract was not actionable under § 1981.

citing <u>Rivers v. Roadway Express, Inc.</u>, 511 U.S. 298, 303, 114 S. Ct. 1510 ().

Defendants' Motion is vague and ambiguous on the basis that Defendants contend the Plaintiff's § 1981 claim should be dismissed.  The totality of the Plaintiff's Complaint contains sufficient allegations to state a § 1981 race discrimination claim. [Doc. 1]  Thus, for the same reasons set forth in Section (A) above, the totality of the Plaintiff's Complaint states a sufficient claim.

The Plaintiff has specifically pled that his rights under § 1981 have been violated.  [Doc. 1, Count Three]  A § 1981 is claim for the violation of making and enforcing contracts, as defined by § 1981.  Thus, the Complaint and all reasonable inferences from it is that the Plaintiff is claiming that his right to make and enforce contracts has been violated in the terms or conditions of his employment, including the discriminatory employment practices and his termination.  For these reasons, the Plaintiff's Complaint meets the requirements of Rule 8, and therefore, the Defendants' Motion must be dismissed.

D.   **42 U.S.C. § 1981 – Retaliation**.

Defendants contend that the Plaintiff lacks standing to pursue his § 1981 claim for retaliation.  In doing so, the Defendants have failed to cite a single § 1981 employment case supporting their position[5].  As shown below, the Defendants' assertion is contrary to the Supreme Court's decision in CBOCS West, Inc. v. Humphries, 553 U.S. 442, 128 S. Ct. 1951 (2008); see also Bryant v. Jones, 575 F.3d 1281, 1301 (11th Cir. 2009)[6].

In Humphries, the Supreme Court held that § 1981 provided a terminated employee a retaliation claim based on his complaint about a violation of "**another person's** contract-related 'right.'" Humphries, 553 U.S. 445 (emphasis added).  Specifically, in Humphries, the Supreme Court held:

> The basic question before us is whether [§ 1981] encompasses a complaint of retaliation against a person who has complained about a violation of another person's contract-related "right."  We conclude that it does.

Humphries, 553 U.S. 445.

---

[5]  As set forth above in note 2, none of the cases relied upon by Defendants are applicable to this case. .

[6]  In Bryant, the defendants contended that the plaintiff's claims failed because § 1981 did not provide a private right of action for retaliation.  The Eleventh Circuit found that "[t]he Supreme Court recently dispensed with [Defendants] argument." Bryant, 575 F.3d at 1301.  The Eleventh Circuit followed Humphries holding that "42 U.S.C. § 1981 encompasses claims of retaliation." Id. citing Humphries, 553 U.S. 457.

The case of <u>Pinder v. John Marshall Law Sch., LLC</u>, 11 F. Supp. 3d 1208, 1266 (N.D. Ga. 2014), relied on <u>Humphries</u> and is directly on point to the Plaintiff's allegations in this case.  In <u>Pinder</u>, plaintiff Sigman asserted a § 1981 retaliation claim asserting that he was retaliated against for complaining about discriminatory treatment of white students in grading.  Judge Duffey adopted Judge Anand's Report & Recommendation ("Report") and denied the defendants' motion for summary judgment.  <u>Id</u>.

As Judge Anand concluded on summary judgement, "[t]hus, a plaintiff **may state a claim under § 1981 for race-based retaliation** if he alleges that he complained about a violation of another person's 'contract-related right' on the basis of race, and was retaliated against as a result in a way that interfered with his own right to 'make and enforce contracts.'"  <u>Pinder v. John Marshall Law Sch., LLC</u>, 11 F. Supp. 3d 1208, 1266 (N.D. Ga. 2014) (emphasis added);  <u>see</u> <u>also</u> <u>Milton v. Milligan</u>, 2013 U.S. Dist. LEXIS 30057 (N.D. Fla. March 5, 2013)(denying 12(b)(6) motion on a similar § 1981 retaliation claim);  <u>Hill v. Impro Synergies LLC</u>, 2015 U.S. Dist. LEXIS 175724 (N.D. Fla. March 5, 2013)(denying 12(b)(6) motion on an employee's termination claim where employee complained about discrimination of others with contractual

rights);  Estate of Oliva v State, 579 F. Supp. 2d 643, 664-67
(D.N.J. 2008).

In this case, the totality of the Plaintiff's Complaint
contains sufficient allegations to state a § 1981 retaliation
claim.  [Doc. 1]  The Plaintiff has alleged that he complained
about race discrimination in the contractual rights of white
customers.  [Docket No. 1 - ¶¶ 39-40]  The Plaintiff has further
pled specific facts in the Complaint supporting his claim that he
was retaliated against in violation of § 1981, including his
termination[7].  [Docket No. 1 - ¶ 60; Count Four]

Thus, like in Milton, "[t]he motion to dismiss the § 1981
claim is unfounded."  Milton, 2013 U.S. Dist. LEXIS 30057 at *8.
"The Supreme Court has held that Congress intended § 1981 to
include an antiretaliation principle, so that those who oppose
racial discrimination in contracting are protected from
retaliation in contracting.  The principle must surely protect
whites who oppose discrimination as well as African Americans who
do so."  Id.  Therefore, the Plaintiff's Complaint states

---

[7] An employee's termination from employment is a contractual right
set forth in § 1981.  Moreover, Rule 8(a) only requires the
Plaintiff to set forth a "short and plain statement" which can
plausibly lead to reasonable inferences that the Defendants is
liable.  Twombly, 550 U.S. at 555.  It is a reasonable inference
from the Plaintiff's complaint that his claim is based on his right
to make and enforce contracts under § 1981.

sufficient facts to satisfy Rule 8, and, therefore, Defendants'
Motion must be denied.

### E. **Supplemental Jurisdiction**.

For the reasons set forth above, the Defendants' Motion must
be denied.  In doing so, pursuant to 28 U.S.C. § 1367, this Court
should exercise supplemental jurisdiction over the Plaintiff's
state law claims.

### F. **Alternatively, the Plaintiff seeks Leave to Amend**.

For all the reasons set forth above, the Plaintiff submits
that the Defendants' Motion is without merit.  However, to the
extent the Court concludes that the Complaint does not meet the
Rule 8 requirements, the Plaintiff respectfully requests that,
pursuant to Rule 15(a)(2) the Federal Rules of Civil Procedure,
this Court provide the Plaintiff fourteen (14) days after its Order
to seek leave to amend to his Complaint, and to amend his
Complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides
that "[t]he court should freely give leave when justice so
requires."  "The decision whether to grant leave to amend is within
the sound discretion of the trial court."  Jameson v. Arrow Co.,
75 F.3d 1528, 1534 (11th Cir. 1996); Foman v. Davis, 371 U.S. 178
(1962).  The denial of leave to amend by the trial court is proper

only if the amendment would result in undue delay, bad faith or dilatory motive by the moving party, undue prejudice to the opposing party, or if it would be futile. <u>Foman,</u> 371 U.S. at 182; <u>Jameson</u>, 75 F.3d at 134-35. Thus, the trial court is limited in its discretion to deny a plaintiff's motion for leave to amend, unless there are substantial countervailing reasons. <u>Mullinax v. McNabb-Wadsworth Trucking Co.,</u> 117 F.R.D. 694 (N.D. Ga. 1987).

This case at the early stages, i.e., the Defendants have yet to file an answer and discovery has not yet begun. Thus, the Plaintiff respectfully submits that none of <u>Foman</u> factors supporting the denial of leave to amend exist.

### IV.   CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion.

Respectfully submitted this <u>11th</u> day of July 2017.

**THE REDDY LAW FIRM, P.C.**

<u>s/K. Prabhaker Reddy</u>
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320
THE REDDY LAW FIRM, P.C.
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D of the Local Rules for the Northern District of Georgia, the undersigned counsel of record for Plaintiff hereby certifies that this pleading has been prepared in Courier New 12, which is one of the font and point selections approved by the Court in LR 5.1B.

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2017, I electronically filed **PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Dean R. Fuchs
SCHULTEN, WARD, TURNER & WEISS
260 Peachtree Street
Suite 2700
Atlanta, Georgia 30303

Email: d.fuchs@swtwlaw.com

This 11th day of July 2017.

**THE REDDY LAW FIRM, P.C.**

s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320
THE REDDY LAW FIRM, P.C.
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net