IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICK NUZZO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | **1:17-CV-01811-MHC-AJB** |
| v. | : | |
| | : | |
| GREGORY T. BARANCO and | : | |
| THE BARAN COMPANY, LLC | : | |
| d/b/a MERCEDES BENZ OF | : | |
| BUCKHEAD, | : | |
| | : | |
| Defendants. | : | |

## ANSWER, DEFENSES AND COUNTERCLAIMS

COME NOW DEFENDANTS GREGORY T. BARANCO and THE BARAN COMPANY, LLC d/b/a MERCEDES BENZ OF BUCKHEAD, and pursuant to Fed.R.Civ.P. 8 and 13, file this Answer and Counterclaims against Plaintiff RICK NUZZO, showing this Honorable Court as follows:

### DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Title VII discrimination claims are barred because he was terminated for legitimate, non-discriminatory reasons, and was not terminated because of his race.

## THIRD DEFENSE

Plaintiff's Title VII associational discrimination claims are barred because Plaintiff did not have a significant relationship or association with any customer or third party against whom his discrimination claims are based.

## FOURTH DEFENSE

Plaintiff's Title VII associational discrimination claim is barred because Plaintiff is the same race as the customer or third party against whom he claims Defendants discriminated.

## FIFTH DEFENSE

Plaintiff's Section 1981 discrimination claim is barred because he was not terminated because of his race or because of any racial animus towards him.

## SIXTH DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff did not engage in any protected speech or activity.

## SEVENTH DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff's belief that Defendants were retaliating against him because of protected speech or activity was neither subjectively nor objectively reasonable.

## EIGHTH DEFENSE

Plaintiff's retaliation claims are barred because there was no causation between any protected speech or activity Plaintiff allegedly made and Defendants' decision to terminate his employment.

## NINTH DEFENSE

Plaintiff's claims for breach of contract and quantum meruit are barred by the doctrine of payment.

## TENTH DEFENSE

Plaintiff's claim for breach of contract is barred on the ground that he failed to meet certain conditions precedent to be paid a quarterly bonus.

## ELEVENTH DEFENSE

Plaintiff's claims for breach of contract and quantum meruit are barred by the doctrine of set-off.

## INTRODUCTION

1. Defendants admit only that Plaintiff's Complaint sets forth allegations of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of

1964, as amended ("Title VII"), and similar allegations under 42 U.S.C. §1981. Defendants further admit that Plaintiff's complaint makes an allegation under state law for breach of contract, or in the alternative, under a theory of quantum meruit, and for litigation expenses and attorney's fees pursuant to Georgia law. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

## **JURISDICTION**

2. Defendants admit only that this Court has original jurisdiction to hear Plaintiff's federal claims brought under Title VII and under 42 U.S.C. §1981. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit only that Plaintiff seeks to invoke the Court's supplemental jurisdiction over Plaintiff's state law claims. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

## **VENUE**

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit only that venue is proper in the Atlanta Division of the Northern District of Georgia. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit only that venue is proper in the Atlanta Division of the Northern District of Georgia. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

## THE PARTIES

11. Defendants admit only that Plaintiff is a Caucasian male. Defendants lack information and knowledge sufficient to form a belief about the truthfulness of the remaining allegations in Paragraph 11 of the Complaint, which has the effect of a denial.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Complaint.

## ALLEGED FACTS

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants admit the allegations of Paragraph 19 of the Complaint.

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants admit only that Mr. Baranco and Plaintiff met to discuss some repair orders. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, which has the effect of a denial.

23. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, which has the effect of a denial.

24. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, which has the effect of a denial.

25. Defendants admit only that Mr. Baranco asked Plaintiff about some repair orders for MBB customer Mr. Brad Hamner, but do not recall the specific date of this conversation. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants admit only that Defendants terminated Plaintiff's employment on or about March 18, 2016. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, which has the effect of a denial.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, which has the effect of a denial.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, which has the effect of a denial.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, which has the effect of a denial.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants admit the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants admit only that MBB agreed to pay Plaintiff a quarterly Customer Service Index bonus if certain conditions were met. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

## COUNT I: TITLE VII – RACE DISCRIMINATION

69. Defendants restate their responses to Paragraphs 1 – 68 of the Complaint as if fully set forth.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants admit only that Plaintiff appears to have filed a Charge of Discrimination with the EEOC on or about September 9, 2016, a copy of which appears to be attached to the Complaint. Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73. Defendants admit only that the EEOC appears to have issued Plaintiff a Notice of Right to Sue, on his request, on or about February 17, 2016, a copy of which appears to be attached to the Complaint. Defendants deny the remaining allegations in Paragraph 73 of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, which has the effect of a denial.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, which has the effect of a denial.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

## COUNT II: TITLE VII – RETALIATION[1]

79. Defendants restate their responses to Paragraphs 1 – 78 of the Complaint as if fully set forth.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

---

[1] The Court dismissed Count II of the Complaint in its Order dated February 20, 2018. [Doc. 20].

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, which has the effect of a denial.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, which has the effect of a denial.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, which has the effect of a denial.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, which has the effect of a denial.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

**COUNT THREE: 42 U.S.C. § 1981 – RACE DISCRIMINATION[2]**

89. Defendants restate their responses to Paragraphs 1 – 88 of the Complaint as if fully set forth.

---

[2] The Court dismissed Count III of the Complaint in its Order dated February 20, 2018. [Doc. 20].

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

## COUNT IV: 42 U.S.C. § 1981 – RETALIATION

95. Defendants restate their responses to Paragraphs 1 – 94 of the Complaint as if fully set forth.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

## COUNT V: BREACH OF CONTRACT

101. Defendants restate their responses to Paragraphs 1 – 100 of the Complaint as if fully set forth.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

## COUNT VI: QUANTUM MERUIT

105. Defendants restate their responses to Paragraphs 1 – 104 of the Complaint as if fully set forth.

106. Defendants admit the allegations in Paragraph 106 of the Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

110. Defendants deny the allegations in Paragraph 110 of the Complaint.

111. Defendants lack information or knowledge sufficient for form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, which has the effect of a denial.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

## COUNT VII: COSTS AND ATTORNEY'S FEES

113. Defendants restate their responses to Paragraphs 1 – 112 of the Complaint as if fully set forth.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

115. Defendants admit only that Plaintiff made a pre-suit demand, but deny the remaining allegations in Paragraph 115 of the Complaint.

116. Defendants deny the allegations in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in the "WHEREFORE"/ *ad damnum* provision of the Complaint.

121. Defendants deny all allegations in the Complaint not expressly admitted herein.

WHEREFORE, having fully answered the Complaint, Defendants pray that the Complaint be dismissed, and that all costs be cast upon the Plaintiff.

## **COUNTERCLAIM**

1. The Baran Co., LLC d/b/a Mercedes Benz of Buckhead ("MBB") is an automobile dealership in Atlanta, Georgia.

2. Rick Nuzzo was formerly employed by MBB as its Service Director.

3. During his employment with MBB, Nuzzo engaged in multiple vehicle service transactions where he intentionally and improperly under-charged or did not charge certain customers for repair services performed by MBB.

4. Nuzzo intentionally under-charged or did not charge anything for service work provided by the dealership to himself, his family members and other individuals or businesses including a landscaper named Hamner Enterprises which, upon information and belief, provided landscaping services to Nuzzo.

5. Nuzzo intentionally and without authorization closed certain open repair orders ("ROs") for the service tickets for himself, friends and family, even though the dealership had not been paid for its services, by coding the open ROs as closed due to "policy" or by coding them to some other inappropriate billing category, like to "parts" or "warranty."

6. Charging off a RO to "policy" is only appropriate in very rare circumstance where the dealership decides to not charge a customer as a good will gesture to resolve a customer complaint arising out of dealership errors or unsatisfactory performance.

7. The transactions described above which Nuzzo as closed for "policy" were not eligible for this type of treatment.

8. Nuzzo also improperly purged many ROs from MBB's computer system.

9. Nuzzo improperly gave "tire bonuses" to MBB's service technicians.

**COUNT I**
**(CONVERSION)**

10. Defendant MBB restates the allegations contained in Paragraphs 1-7 of its counterclaim as if fully re-stated.

11. MBB performed service work on certain vehicles owned by Nuzzo, members of his family, or certain individuals or businesses with which he had some business relationship.

12. MBB owned the open ROs for that service work, and was entitled to be paid for the value of the service work it performed.

13. Nuzzo improperly and without authority from MBB wrote-off and closed certain ROs for service work performed on vehicles he owned, were owned by family members and/or by other individuals or businesses with whom he was acquainted.

14. In doing so, Nuzzo converted the value of that service work performed by MBB for himself, members of his family, and/or acquaintances.

15. MBB has demanded Nuzzo return to it the value of said service work, but Nuzzo has failed and refused to do so.

16. As a result of Nuzzo's failure to return to MBB the value of the service work it performed for Nuzzo and others, MBB has been harmed in an amount to be specifically proven at trial.

## COUNT II
### (FRAUD)

17. Defendant MBB restates the allegations contained in Paragraphs 1-14 of its counterclaim as if fully re-stated.

18. By writing off and closing certain ROs for work MBB performed for Nuzzo, his family, acquaintances and others, Nuzzo made false representations to MBB that the ROs in question had been authorized to be charged off, when in fact, they had not.

19. Alternatively, Nuzzo materially omitted informing MBB that he had, unilaterally and without authority, charged-off and closed certain ROs to "policy," or some other improper billing category, such that MBB would not invoice certain customers for service repair work performed on those customers' vehicles.

20. Nuzzo knew at the time he represented to MBB that certain ROs were to be charged off and closed that he did not have authority from Mr. Baranco to do so, and he proceeded to charge off and close certain ROs in an effort to provide no-cost service work to himself, acquaintances and or/members of his family at MBB's expense.

21. In doing so, Nuzzo intended to deprive MBB of the value of the service work it performed for certain customers, and to induce MBB to not invoice Nuzzo, his acquaintances and/or family members whose vehicles MBB had serviced.

22. MBB justifiably relied upon Nuzzo's representations and/or omissions, and has not collected the revenue for the ROs which Nuzzo improperly charged off.

23. As a direct and proximate result of Nuzzo's representations and/or omissions, MBB has been harmed in an amount to be specifically proven at trial.

WHEREFORE, Defendant The Baran Co., LLC d/b/a Mercedes Benz of Buckhead prays:

a. That its counterclaim be read and considered;

b. That it be awarded compensatory damages in an amount to be proven at trial;

c. That it be awarded punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That it recover its reasonably incurred attorney's fees and expenses of litigation.

This 6th day of March, 2018.

Respectfully submitted,

*/s/ Dean R. Fuchs*
Dean R. Fuchs
Georgia Bar No. 279170
*Attorney for Defendants*

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 Telephone
(404) 688-6840 Facsimile

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certifies that the foregoing has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Ga. Bar No. 279170
d.fuchs@swtwlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICK NUZZO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:17-CV-01811-MHC-AJB |
| v. | : | |
| | : | |
| GREGORY T. BARANCO and | : | |
| THE BARAN COMPANY, LLC | : | |
| d/b/a MERCEDES BENZ OF | : | |
| BUCKHEAD, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 6, 2018, I caused to be electronically filed the foregoing **DEFENDANTS' ANSWER, DEFENSES AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.

                                                           */s/ Dean R. Fuchs*
                                                           DEAN R. FUCHS